DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the grant of partial summary judgment by the Lucas County Court of Common Pleas to appellees, Franklin Park Mall Management Corporation and The Rouse Company of Ohio. Appellant, Paul C. Lantz, asserts the following assignments of error:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO MR. LANTZ'S FREE SPEECH CLAIMS WHEN THE OHIO CONSTITUTION GUARANTEES THE RIGHT TO COMMUNICATE IDEAS EVEN ON PRIVATELY OWNED PROPERTY."
 "THE TRIAL COURT ERRED IN FINDING THAT THERE IS NO STATE ACTION INVOLVED WHEN A UNIFORMED DEPUTY SHERIFF ACTS AS AN AGENT AND SECURITY GUARD FOR A SHOPPING MALL."
Although appellant asserted three claims in his complaint, the trial court granted summary judgment to appellees on only one of those claims. The facts relevant to our disposition of the appeal of that grant are as follows.
On January 25, 1997, appellant and two friends went shopping at Franklin Park Mall in Toledo, Lucas County, Ohio. Appellant was wearing a black T-shirt with the words "MARILYN MANSON" on the front and the phrase "EVERLASTING COCKSUCKER" on the back. As appellant and his companions were standing in the shopping center's food court near the rest rooms, Barry DiSalle, a part-time shopping center security guard and Lucas County Sheriff's Deputy, approached them and informed appellant that his shirt violated mall policy. The policy precludes, among other things, the use of loud or obscene language in Franklin Park Mall. DiSalle provided appellant with three options. Appellant could either go into the restroom and put his T-shirt on inside out or he could wear a jacket/coat over the shirt or he could leave the mall. Appellant opted to leave the mall. However, the security guard would not allow him to proceed through the mall until appellant went into the restroom and turned the shirt inside out. After complying with the guard's request, appellant was allowed to leave.
In his complaint, appellant's first claim alleged that appellees' conduct, through their agent, DiSalle, violated his right to free speech and free expression as guaranteed by Section11, Article I, Ohio Constitution, and the First Amendment to the United States Constitution. Appellees filed a motion for summary judgment on all of appellant's claims; however, the court below granted that motion only as to the first claim and entered a finding of "no just reason for delay," thereby rendering its decision on this claim a final, appealable order. See Civ.R. 54(B).
This court engages in a de novo review of the lower court's grant of summary judgment. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) viewing the evidence in a light most favorable to the nonmoving party, reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; (3) the moving party is entitled to summary judgment as a matter of law. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
In his first assignment of error, appellant contends that the common pleas court erred in granting appellees' motion for summary judgment because the judge misconstrued the Ohio Supreme Court's decision in Eastwood Mall, Inc. v. Slanco (1994),68 Ohio St.3d 221. We disagree.
The issue here is whether the policy set by appellees governing conduct in the Franklin Park Mall violates appellant's constitutionally guaranteed right to free speech. In determining this issue it is essential to recognize that under theFirst Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, a person has no right to use a privately owned shopping center as a forum to communicate on any subject without the permission of the property owner. Eastwood Mall v. Slanco,68 Ohio St. 3d at 222, citing Hudgens v. NLRB (1976), 424 U.S. 507;Lloyd Corp. v. Tanner (1972), 407 U.S. 551. See, also, Annotation (1997), 52 A.L.R.5th 195, 203-204, § 2. Thus, appellant must rely on the free speech guarantees found in Section 11, Article I, Ohio Constitution, to support his case.
However, the Slanco court further decided that "under the facts of this case, we find that Section 11, Article I of the Ohio Constitution is no broader than the First Amendment." While the language used in Slanco appears limiting, the court went on to enumerate the numerous state courts that have found that their state constitutions prohibit only state action and concluded "that a privately owned shopping center may exclude unwanted speech from its property." Id. at 223. In addition, in Cleveland v.Trzebuckowski (1999), 85 Ohio St.3d 524, 528, the Ohio Supreme Court stated:
 "Under the Ohio Constitution, free speech guarantees are no broader than those guaranteed by the First Amendment to the United States Constitution. Eastwood Mall, Inc. v. Slanco (1994), 68 Ohio St.3d 221, 222-223, 626 N.E.2d 59, 61. The First Amendment is the proper basis for interpretation of Section 11, Article I, Ohio Constitution, the provision that establishes those free speech guarantees in Ohio. Id., citing State ex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals
(1992), 63 Ohio St.3d 354, 362-363, 588 N.E.2d 116, 123; Zacchini v. Scripps-Howard Broadcasting Co. (1978), 54 Ohio St.2d 286, 288, 8 Ohio Op.3d 265, 266, 376 N.E.2d 582, 583; State v. Kassay (1932), 126 Ohio St. 177, 187, 184 N.E. 521, 525."
Appellant cites to several cases in asserting that the property rights of Franklin Park Mall must yield to the right of free speech guaranteed by the Ohio and United States Constitutions. We find that these cases are distinguishable or inapplicable in this situation. See PruneYard Shopping Center v.Robins (1980), 447 U.S. 74 and State v. Schmid (1980), 84 N.J. 535,423 A.2d 615 (Both decided under aegis of state constitutions deemed to grant broader rights to free speech that the federal constitution); Ferner v. Toledo-Lucas County Convention VisitorsBureau, Inc. (1992), 80 Ohio App.3d 842, 848-849 (Decided prior toSlanco and holding that Section 11, Article I, Ohio Constitution, is more expansive than the First Amendment of the United States Constitution); Cincinnati v. Thompson (1994), 96 Ohio App.3d 7
(involved a medical facility, not a shopping center, that the court found to be private property) Marsh v. Alabama (1946),326 U.S. 501 (decided prior to Hudgens and involved a "company town") and Cent. Hardware v. NLRB (1972), 407 U.S. 539 (found that union organizers could not solicit on a company's parking lot). Thus, we are compelled to conclude, as did the trial court, that appellant has no redress under Section 11, Article I, Ohio Constitution. As to the First Amendment to the United States Constitution, the United States Supreme Court has spoken, stating that owners of private shopping centers may prohibit unwanted or undesirable speech. Lloyd v. Tanner,supra; Hudgens v. NLRB, supra. Accordingly, the trial court did not err in granting appellees' motion for summary judgment on this issue as a matter of law. Appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant asserts that the trial court erred in determining that appellant "failed to establish" that state action was involved in this case. Specifically, appellant maintains that because DiSalle was wearing his deputy's uniform while engaged as a part-time employee of a private business establishment, there is a question of fact as to whether DiSalle was acting in a dual capacity, that is, as a state agent and private employee, at the time of the incident in Franklin Park Mall. Appellees correctly argue that this issue was not raised in the trial court.
As a general rule, a litigant who has the opportunity to raise an issue in the trial court but fails to do so, waives the right to raise that issue on appeal. Belvedere Condominium UnitOwners' Assn. v. R.E. Roark Cos., Inc. (1993) 67 Ohio St.3d 274,279. Furthermore, the facts offered disclosed that DiSalle was acting solely as an employee of appellees when he stopped appellant and asked him to leave the shopping center. Finally, we determined in our disposition of appellant's first assignment of error, that for the purpose of determining whether theFirst Amendment to the United States Constitution bars a shopping center from promulgating a policy that prohibits unwanted speech, that shopping center is private property. See infra. Consequently, the fact that the security guard was wearing a deputy's uniform at the time that he enforced the policy does not obviate that holding nor can it create a question of fact on this issue. Therefore, appellant's second assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas as to appellant's first claim for relief is affirmed. Appellant, Paul C. Lantz, is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
PETER M. HANDWORK, J., MELVIN L. RESNICK, J., and RICHARD W. KNEPPER, P.J., concur.